### BUSSEY *et al. v.* PARTRIDGE.

ATKINSON, J. 1. The grounds of the motion for new trial complaining of rulings on the admissibility of evidence are not insisted upon in the briefs of counsel for the plaintiffs in error, and will be treated as abandoned.

2. In an action of complaint for land, instituted by a woman against several defendants, the plaintiff alleged and introduced evidence tending to show that her father died intestate while in actual possession of the land, that there was no administration on his estate, and that other heirs of the intestate had executed deeds purporting to convey their interests in the land to her. In order to show title in her father, the plaintiff relied solely on a presumption of title arising from actual possession of the land by her father at the time of his death. The answer denied the allegations of the petition as to the plaintiff's father being in possession at the time of his death, and upon that question the evidence was conflicting. *Held,* that it was erroneous, as complained of in the motion for new trial, to instruct the jury that " They [referring to defendants] contend that the land that she claims was seized and possessed by her father at the time of his death, was in his possession at the time of his death." The erroneous statement by the judge related to a controlling issue in the case, and was not withdrawn or otherwise corrected in subsequent portions of the charge.

3. Other grounds of the motion for new trial, complaining of the charge, are without merit. *Judgment reversed. All the Justices concur.*

No. 1930. DECEMBER 15, 1920.

Complaint for land. Before Judge Walker. Lincoln superior court. January 27, 1920.

*John T. West,* for plaintiffs in error. *C. J. Perryman,* contra.